UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY WILBOURN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-CV-474 RM |
| ) | Arising from 3:01-CR-00064(01) RM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPNION AND ORDER

The court dismissed Anthony Wilbourn's petition for a writ of habeas corpus and denied his requests for discovery and for copies of his transcripts. *See* docket no. 142. Mr. Wilbourn now wants to appeal those decisions and asks this court to issue a certificate of appealability. He specifically challenges the court's denial of his motions for discovery and for copies of his transcripts, and he suggests that if he had been permitted to access his transcripts and other court documents the outcome of his habeas petition would have been different.

A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Williams v. Parke, 133 F.3d 971, 975 (7th Cir. 1998). Mr. Wilbourn must show his constitutional issues are "debatable among jurists of reason" or "deserve encouragement to proceed further." Ouska v. Lynn Cahill-Masching, 246 F.3d 1036, 1046 (7th Cir. 2001); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997); *see also* Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) ("[O]bviously, the

petitioner need not show that he should prevail on the merits. He has already failed in that endeavor.").

Mr. Wilbourn's motion for a certificate of appealability makes a substantial showing of the denial of a constitutional right by claiming he was wrongly denied access to court documents and transcripts. *See* <u>Rush v. United States</u>, 559 F.2d 455, 458 (7th Cir.) (citing <u>Bounds v. Smith</u>, 430 U.S. 817 (1977) and <u>Britt v. North Carolina</u>, 404 U.S. 226 (1971)). Although this court thought it proper to deny Mr. Wilbourn's requests, the court's application of 28 U.S.C. § 753 and relevant case law could be "debatable among jurists of reason." <u>Ouska v. Lynn Cahill-Masching</u>, 246 F.3d at 1046.

Accordingly, Mr. Wilbourn's motion for a certificate of appealability [docket no. 146 in cause no. 3:01-CR-0064(01)] is GRANTED.

SO ORDERED.

ENTERED:   July 11, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   A. Wilbourn
      D. Schmid