UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:01-CR-64(01)RM |
| | ) | |
| ANTHONY WILBOURN | ) | |

OPINION and ORDER

At the end of the second day of trial, a jury found Anthony Wilbourn guilty on May 14, 2002 of two counts of armed bank robbery. He was sentenced to a term of 384 months in August 2002, and a timely notice of appeal was filed on his behalf. In 2003, his sentence was affirmed on appeal. In July 2004, Mr. Wilbourn filed a petition pursuant to 28 U.S.C. § 2255, and following briefing on the petition, his request for relief was denied. Mr. Wilbourn filed a notice of appeal relating to the denial of his § 2255 petition, and while this court granted his request for a certificate of appealability, the court of appeals vacated the certificate of appealability was dismissed his appeal in November 2005. Mr. Wilbourn is now before the court having filed a motion for transcripts of the proceedings in this cause. Mr. Wilbourn says in his motion that without the transcripts, he will be "constitutionally impeded" from being able to collaterally attack his conviction and sentence. Mr. Wilbourn has submitted a check in the amount of $5.00 for the transcripts and further asks the court to declare him indigent.

Mr. Wilbourn's request to be declared indigent is governed by 28 U.S.C. § 1915(a), which provides that a court

> may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

Mr. Wilbourn's request in this regard isn't submitted in connection with a pending action or "the commencement . . . of [a] suit, action or proceeding" as required by § 1915(a). As a result, his request will be denied.

With respect to Mr. Wilbourn's transcript request, although an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," Britt v. North Carolina, 404 U.S. 226, 227 (1971), the government isn't constitutionally obligated to provide free transcripts to a prisoner post-appeal.

Congress has expressly addressed the question of furnishing transcripts at public expense in 28 U.S.C. s 753(f), which provides in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Thus, a party may receive a transcript at the government's expense only if the transcript is being "furnished in criminal proceedings" or, upon a further showing, in connection with "proceedings brought under [28 U.S.C. §] 2255." Because the

2

court of appeals upheld Mr. Wilbourn's sentence on appeal in 2003 and dismissed his appeal of the denial of his § 2255 petition, his criminal and civil proceedings in this court have ended. Therefore, § 753(f) does not authorize Mr. Wilbourn to receive transcripts free of charge, and his request must be denied.

Based on the foregoing, Mr. Wilbourn's request to be declared indigent and to receive the transcripts of the entire proceedings in this case [docket # 159] is DENIED. Because Mr. Wilbourn's $5.00 check is insufficient to cover the cost of purchasing the transcripts he seeks, the Clerk is directed to return the check to Mr. Wilbourn along with a copy of this order.

SO ORDERED.

ENTERED:   October 3, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court